UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20753-CR-SEITZ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

PAMELA JOHNSON,
    Defendant.
_____/

## AMENDED[1] REPORT AND RECOMMENDATION

On or about January 4, 2012, court-appointed defense counsel Jonathan Friedman ("Counsel") submitted a voucher application numbered FLS 10 4712 with appended time sheets requesting $24,105.02 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a brief letter dated January 4, 2012 in support of his voucher application.

Counsel represented Defendant Pamela Johnson ("Defendant") for over one year from his appointment on October 19, 2010 until December 29, 2011 and seeks compensation for this time in the voucher application. After initially reviewing the voucher application, I requested a more detailed explanation regarding some of the entries listed in the time sheets which accompanied Counsel's voucher. Specifically, I was concerned with the amount of time that Counsel billed for "Interviews and conferences" - a total of 32.3 hours.

Counsel seeks $24,105.02 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As

---

[1] This Report and Recommendation amends the March 22, 2012 Report and Recommendation **[DE # 379]** that I previously issued in this case. I amended the March 22, 2012 Report to correct a typographical error on page four of the original Report. No other changes were made.

a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 367]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex and Extended

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was both complex and extended.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned an Indictment **[DE # 3]**. The grand jury later returned a Superseding Indictment **[DE # 64]** charging five (5) codefendants with numerous crimes including conspiracy to commit wire and mail fraud, and five counts of mail fraud. Defendant was named in each Count of the superseding Indictment.

The government alleged that Defendant and the codefendants were involved in a mortgage fraud conspiracy scheme. The purpose of the scheme was to obtain money from various banks and lending institutions to finance the purchase of homes through materially false representations and fraudulent pretenses concerning the true purchasers of the homes.

The scheme required the straw buyers to pose as home buyers when, in fact, the straw buyers were not to be either the true owners of the homes or responsible for making the monthly mortgage payments. Rather, other unnamed third persons were to be the true

owners of the properties. In the scheme, the straw buyers would purchase the homes at highly inflated prices by obtaining mortgages on the properties. The true owners of the properties would fail to make payments on the mortgages and default on the loans. The various banks and lending institutions would be forced to foreclose on the properties, suffering large losses.

Defendant faced a maximum term of thirty years imprisonment for conspiracy to commit wire and mail fraud charge. Defendant faced a term of twenty years imprisonment for each of the mail fraud charges.

Second, according to Counsel, "there was a voluminous amount of discovery provided by the Government" in this case. (January 4, 2012 letter). The discovery "consisted of over 17,500 documents." (January 4, 2012 letter). This significant amount of discovery "took an extraordinary amount of time pre-trial to review and prepare." (January 4, 2012 letter). The sheer volume of evidence which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, unlike many criminal cases, this matter proceeded to trial. The trial lasted three weeks and involved multiple defendants. The jury found Defendant guilty on all five counts of the Superseding Indictment. **[See DE # 252]**. Defendant was sentenced to a term of fifty-seven months imprisonment as to each count with the sentences to run concurrently. **[See DE # 300]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter was complex because it required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case.

I also find that the second factor which would allow the Court to certify compensation in an amount in excess of the statutory maximum - that representation was extended - is also met here.

The grand jury returned the original Indictment in this matter on October 14, 2010. **[See DE # 3]**. Defendant was arrested on October 19, 2010. The grand jury later returned a Superseding Indictment **[DE # 64]** on February 3, 2011.

As explained above, Defendant entered a plea of not guilty and proceeded to trial. The trial commenced on September 12, 2011, nearly one year after Defendant was arrested. The trial ended on September 30, 2011. Defendant was sentenced on December 15, 2011.

Counsel's involvement in this case required more time for processing than the average case, involving one trial and lasting over one year. As a result, the representation of Defendant in this case is properly considered extended. I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 81.6 in-court hours totaling $10,200.00.

The CJA administrator also reviewed the 105.1 out-of-court hours sought by Counsel. Counsel sought compensation for 32.3 hours for "Interviews and conferences" and 21 hours for "Obtaining and reviewing records." Counsel also sought compensation for 9.8 hours for "Legal research and brief writing and 42.0 hours of "travel time."

Counsel sought $771.52 in "Travel Expenses." The CJA administrator decreased this figure to $767.52.

### In-Court Hours[2]

Counsel sought compensation for 81.6 in-court hours totaling $10,200.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. The trial in this matter lasted for three weeks. Accordingly, I approve $10,200.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 105.1 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of out-of-court hours or the total amount claimed by Counsel.

Although the vast majority of Counsel's time entries are appropriate, Counsel included a few entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. It was necessary to contact Counsel for an explanation of the troublesome entries. Counsel sufficiently explained each and every of the vague entries, providing the undersigned with sufficient information to determine that each entry was indeed compensable under the CJA.

Furthermore, as I explained above, I was initially concerned with the large amount of hours Counsel spent in "Interviews and conferences." Counsel also included a number of entries showing time counsel spent in conferences with Defendant's family. Counsel

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

explained that each charge was directly related to the defense of the case and not time spent holding of the hand of Defendant and her family.

After conducting a thorough review of the voucher, the docket and the record in this case, I conclude that the out-of-court hours Counsel listed in the voucher application, including the 32.3 hours spent in "Interviews and conferences," are appropriate. Accordingly, I recommend that Counsel should be paid $13,137.50 for his out-of-court hours.

### Expenses

Counsel sought $771.52 in "Travel Expenses." The CJA administrator decreased this amount slightly to $767.52. I hereby approve the CJA administrator's adjustment and approve the amount of $767.52.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I explained above, because the representation in this case was complex and extended, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00. Based upon my review of the voucher, the docket and filings in this case, I RECOMMEND that Counsel be paid $24,105.02 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 5 day of April, 2012.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

    Jonathan Friedman, Esq.
    Lucy Lara, CJA administrator